UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-102 |
| | ) | JUDGE EDGAR |
| WILLIAM JORDAN, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Defendant William Jordan has filed the following motions. Defendant moves for disclosure of electronic surveillance and discovery of materials regarding electronic surveillance. [Doc. No. 61]. In response, the government states that it has provided all pertinent records and materials concerning electronic surveillance to defendant as part of discovery. [Doc. No. 127, p. 2]. Accordingly, the motion [Doc. No. 61] is **DENIED** as moot.

Defendant next moves for notice by the government of its intention to rely upon evidence of other crimes, wrongs, acts, and misconduct. [Doc. No. 62]  In other words, defendant seeks pretrial notice of any evidence the government intends to offer at trial against him under Fed. R. Evid. 404(b). In response, the government points out that the Court's discovery order requires the government to give notice of any Rule 404(b) evidence at least seven days prior to trial. The government will comply with the discovery order that is already in place. The government shall, if applicable, give notice to defendant William Jordan of any Rule 404(b) evidence at least seven days prior to trial. For the reasons expressed by the government in its response [Doc. No. 127, pp.

1

2-3], the defendant's motion [Doc. No. 62] is **DENIED** as superfluous.

Defendant next moves to compel the government to file a notice and exhibit list pursuant to Fed. R. Crim. P. 12(b)(4)(B). [Doc. No. 64]. In response, the government explains that it has previously provided defendant with all items that may be subject to notice and disclosure under Fed. R. Crim. P. 12(b)(4)(B). For the reasons expressed by the government in its response [Doc. No. 127, pp. 4-5], the defendant's motion [Doc. No. 64] is **DENIED**.

Finally, defendant moves to compel the government to provide discovery pursuant to Fed. R. Crim. P. 16. [Doc. No. 65]. In response, the government states that it is complying with its ongoing obligation to provide discovery under Rule 16. [Doc. No. 127, p. 6]. The defendant's motion [Doc. No. 65] is **GRANTED** to the extent that he seeks discovery in accordance with this Court's discovery order. The Court has previously entered a comprehensive discovery order requiring the government to proved the defendants in this case with all the discovery they are entitled to under Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); and *United States v. Bagley*, 473 U.S. 667 (1985).

The Court takes this opportunity to explain and clarify that there is no general constitutional right to discovery in criminal cases and *Brady*, 373 U.S. 83, does not create one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994); *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994); *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992).

The government has an obligation to disclose information in its possession which is both favorable to the accused and material to his guilt or to punishment. *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999); *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987); *Brady*, 373 U.S. at 87; *United*

*States v. Blackwell*, 459 F.3d 739, 758 (6th Cir. 2006); *United States v. Blood*, 435 F.3d 612, 627 (6th Cir. 2006); *Bencs*, 28 F.3d at 560; *United States v. Clark*, 957 F.2d 248, 251 (6th Cir. 1992). Materiality pertains to the issue of guilt or innocence, and not to a defendant's ability to prepare for trial. *Agurs*, 427 U.S. at 112 n. 20; *Joseph v. Coyle*, 469 F.3d 441, 473 n. 23 (6th Cir. 2006); *Blackwell*, 459 F.3d at 758; *United States v. Stamper*, 91 Fed. Appx. 445, 450-51 n. 1 (6th Cir. 2004); *Bencs*, 28 F.3d at 560. The government's disclosure obligation encompasses impeachment evidence. *Strickler*, 527 U.S. at 280-81; *Bagley*, 473 U.S. at 676; *Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *Bonnell v. Mitchell*, 2007 WL 62628, * 3 (6th Cir. Jan. 8, 2007)); *Blackwell*, 459 F.3d at 758; *Stamper*, 91 Fed. Appx. at 451; *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999).

The government typically is the sole judge of what evidence in its possession is exculpatory and subject to discovery. If the government fails to comply the Court's discovery order, it acts at its own peril. *United States v. Valentine,* 59 F.3d 1 (Table, text in 1995 WL 390322, ** 3-5 (6th Cir. June 30, 1995)); *Driscoll*, 970 F.2d at 1482; *Clark*, 957 F.2d at 251; *United States v. Frost*, 914 F.2d 756, 771 (6th Cir. 1990); *United States v. Presser,* 844 F.2d 1275, 1280-82 (6th Cir. 1988).

When *Brady* material sought by a defendant is covered by the Jencks Act, 18 U.S.C. § 3500, the Jencks Act controls the timing of the government's disclosure. *Bonnell*, 2007 WL 62628, at * 3; *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002); *United States v. Stewart*, 5 Fed. Appx. 402, 409 (6th Cir. 2001); *Bencs*, 28 F.3d at 561; *Presser,* 844 F.2d 1275. To the extent that the statement of a witness could be either *Brady* material or Jencks Act material, the government need not disclose that statement to the defendant until after the witnesses has completed testifying on direct examination.

SO ORDERED.

ENTER this 20th day of February, 2007.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE