UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-102 |
| | ) | (VARLAN/GUYTON) |
| WILLIAM JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The defendant, William Jordan, is charged in a two-count indictment [Doc. 3] alleging that he conspired to distribute in excess of 1,000 kilograms marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841, and that he conspired to commit money laundering, in violation of 18 U.S.C. § 1956(a). The defendant filed a motion to suppress [Doc. 63] all evidence seized as a result of a search of his house conducted after his arrest on October 26, 2006 on the grounds that this search was made without probable cause and was in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Following an evidentiary hearing on the motion to suppress on March 22, 2007, Magistrate Judge H. Bruce Guyton filed a report and recommendation ("R&R") [Doc. 138] in which he recommended that the motion to suppress be denied. This matter is before the Court on defendant's objection [Doc. 143] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of that portion of the R&R to which the defendant has objected. In doing so, the Court has

carefully considered Judge Guyton's R&R, the underlying briefs [Docs. 63, 127], and the defendant's brief regarding the pending objection [Doc. 143]. For the reasons set forth herein, the Court will overrule the defendant's objection and the motion to suppress will be denied.

The defendant objects to Judge Guyton's conclusion that the officers involved in his arrest did not violate the Fourth Amendment in setting up station within the fenced backyard of the defendant's house as another officer knocked on the defendant's front door in an attempt to serve him with an arrest warrant. Specifically, the defendant argues that because a fenced backyard is within the curtilage of his residence, the arresting officers violated his Fourth Amendment rights by posting officers within that space, despite doing so as a precautionary measure attendant to serving a valid arrest warrant. [Doc. 143 at 1-2.] The Court disagrees. As noted in the R&R, the arresting officers "were attempting to arrest Mr. Jordan by approaching the front door of his home at midday" and "were in the backyard as part of their cooperative effort to serve the arrest warrant," the validity of which is not in question. [Doc. 138 at 9.] It is well-settled that "'for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.'" *U.S. v. Wickizer*, 633 F.2d 900, 902 (6th Cir. 1980) (quoting *Payton v. New York*, 445 U.S. 573, 603 (1980)). Thus, Judge Guyton's determination that the posting of officers in the defendant's backyard in order to execute a valid arrest warrant was reasonable and not in violation of the Fourth Amendment was not in error. The Court notes that the two cases cited

by the defendant in support of his argument that the arresting officers violated his Forth Amendment right in entering his backyard, *Causey v. City of Bay City*, 442 F.3d 524, 529 (6th Cir. 2006) and *U.S. v. Jenkins*, 124 F.3d 768, 772-73 (6th Cir. 1997), both involved warrantless searches of the respective premises and therefore are not on point as to this dispute. Accordingly, defendant's objection to the R&R is **OVERRULED**.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Guyton whereby defendant's motion to suppress [Doc. 63] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE